IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KEITH V. MCFARLAND                                                                                                PLAINTIFF

VS.                                            CIVIL NO. 06-3020

MICHAEL J. ASTRUE[1], Commissioner
SOCIAL SECURITY ADMINISTRATION                                                                  DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Keith McFarland, brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), under Titles II and XVI of the Act.

**Background:**

The applications for DIB and SSI now before this court were protectively filed on August 20, 2003, alleging an onset date of July 16, 2003, due to depression, a disorder of the back, and carpal tunnel syndrome. (Tr. 52-54). An administrative hearing was held on November 18, 2004. (Tr. 342-360). Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was 40 years old and possessed a high school education. (Tr. 12). The record reveals that he had past relevant work ("PRW") experience as a trailer assembler, courier, frame carpenter, and roofer. (Tr. 12).

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

AO72A
(Rev. 8/82)

The Administrative Law Judge ("ALJ"), rendered an unfavorable decision on August 31, 2005. (Tr. 11-20). He concluded that plaintiff's impairments were severe but determined that they did not meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. (Tr. 19). The ALJ then found that plaintiff retained the residual functional capacity ("RFC") to lift 25 pounds frequently and 40 pounds occasionally, sit for a total of four hours during an eight-hour workday, and stand and walk for a total of six hours during an eight-hour workday. However, the ALJ noted that plaintiff was unable to use both hands for fine manipulation. (Tr. 20). With the assistance of a vocational expert, the ALJ then concluded that plaintiff could still perform work as a fast food worker, motel maid/cleaner, and machine tender. (Tr. 20).

On March 1, 2006, the Appeals Council declined to review this decision. (Tr. 3-5). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties were afforded the opportunity to file appeal briefs and plaintiff chose not to do so. (Doc. # 8). The case is now ready for decision.

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

2

Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

3

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the ALJ's mental RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

The evaluation of a mental impairment is often more complicated than the evaluation of a claimed physical impairment. *Andler v. Chater,* 100 F.3d 1389, 1393 (8th Cir. 1996). Evidence of symptom-free periods, which may negate the finding of a physical disability, do not compel a finding

that disability based on a mental disorder has ceased. *Id*. Mental illness can be extremely difficult to predict, and remissions are often of "uncertain duration and marked by the impending possibility of relapse." *Id*. Individuals suffering from mental disorders often have their lives structured to minimize stress and help control their symptoms, indicating that they may actually be more impaired than their symptoms indicate. *Hutsell v. Massanari,* 259 F.3d 707, 711 (8th Cir.2001); 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.00(E) (1999). This limited tolerance for stress is particularly relevant because a claimant's residual functional capacity is based on their ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir. 1982) (abrogated on other grounds).

In the present case, plaintiff has been diagnosed with severe depression, personality disorder not otherwise specified, and chronic pain. (Tr. 209-212, 213-220, 256-259). In December 2004, Dr. Jeanne McAllister, assessed plaintiff with a Global Assessment of Functioning ("GAF") score of 40. (Tr. 211-212). Then, in January 2005, Dr. Christopher Winslow noted plaintiff's GAF to be 47, stating that his highest GAF over the past year was likely between 55 and 60. (Tr. 258).

On April 7, 2005, Dr. Robert Hudson evaluated plaintiff and completed a mental RFC assessment. (Tr. 219-220). He determined that plaintiff had only a fair ability to relate to co-workers, deal with the public, deal with work stresses, function independently, and relate predictably in social situations. Dr. Hudson also found plaintiff to have a good to fair ability to understand, remember, and carry out complex job instructions.

5

We note that a GAF of 47 is indicative of severe symptoms or any serious impairment in social, occupational, or school functioning. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV 34 (4th ed. Revised 2000). The ALJ, however, misstated plaintiff's RFC, stating that it was between 55 and 60, which, as he noted, is suggestive of only moderate symptoms. (Tr. 15). As such, he concluded that plaintiff had no restrictions with regard to performing activities of daily living; moderate difficulties in maintaining social functioning; and, no difficulties in maintaining concentration, persistence, or pace. (Tr. 15). Given the fact that plaintiff's GAF is actually 47, which is suggestive of severe symptoms, and Dr. Hudson's findings that plaintiff had only fair abilities in a number areas, we believe that remand is necessary to allow the ALJ to reevaluate plaintiff's mental impairments.

In addition, we also note that the record does not contain a physical RFC assessment from any of plaintiff's treating physicians. As such, on remand, the ALJ should address interrogatories to plaintiff's treating physicians, asking the physicians to review plaintiff's medical records, to complete an RFC assessment regarding plaintiff's mental and physical capabilities during the time period in question, and to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

**Conclusion:**

AO72A
(Rev. 8/82)

Based on the foregoing, we reverse the ALJ's decision and remand this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this <u>06th</u> day of March 2007.

/s/ *J. Marschewski*
　　HON. JAMES R. MARSCHEWSKI
　　UNITED STATES MAGISTRATE JUDGE